Barry Wayne BLANK, Petitioner,

v.

SECURITIES AND EXCHANGE
COMMISSION, Respondent.

No. 03–71845.

SEC No. 3–10671.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2004.*

Decided Oct. 12, 2004.

Charles R. Hoover, Flagstaff, AZ, for
Petitioner.

Michael L. Post, San Diego, CA, for
Respondent.

Before HALL, BRUNETTI, and
GRABER, Circuit Judges.

MEMORANDUM**

Petitioner Barry Wayne Blank seeks review of an order of the Securities and Exchange Commission, which upheld sanctions imposed by the American Stock Exchange. We review the Commission's factual findings for substantial evidence. 15 U.S.C. § 78y(a)(4); *Krull v. SEC*, 248 F.3d 907, 911 (9th Cir.2001).

In his April 21, 1997, affidavit, Petitioner swore that he had not "transferred" the stocks for which he was requesting a replacement certificate. He argues that this statement was true, whereas the Commission found that it was false.

Both parties agree that Petitioner transferred his shares to Coleman in satisfaction of his outstanding note, when he executed an irrevocable stock power in favor of Coleman in January 1997. Substantial evidence in the record supports the Commission's further finding that those shares were never transferred back to Petitioner. For example, Petitioner requested that re-

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

placement stock certificates be sent directly to Coleman when the originals were lost, and the certificates stayed in Coleman's possession. Nine days after the supposed transfer back to Petitioner, he insisted that the shares were not his, that they had been "incorrectly journaled" in his account, and that this notation should be removed; Coleman complied with his request. Moreover, the March 27 agreement, which Petitioner signed, provided that "Coleman shall retain" the stock.

AFFIRMED.